UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WIZIE COM LLC,

        Plaintiff,

vs.

WEBJET MARKETING
NORTH AMERICA, LLC,

        Defendant.
_____/

Case No. 17-cv-11920
Hon. Mark A. Goldsmith

# OPINION & ORDER
# DENYING PLAINTIFF'S MOTION TO TRANSFER CASE FOR FORUM NON CONVENIENS (Dkt. 7); DENYING PLAINTIFF'S MOTION TO REMAND (Dkt. 8); and GRANTING DEFENDANT'S MOTION TO TRANSFER (Dkt. 21)

This matter is before the Court on Plaintiff Wizie Com LLC's ("Wizie") Motion to Transfer Case for Forum Non Conveniens (Dkt. 7); Wizie's Motion to Remand this case back to the Oakland County Circuit Court (Dkt. 8); and Defendant Webjet Marketing North America LLC's ("Webjet") Motion to Transfer this case to the U.S. District Court for the Middle District of Florida (Dkt. 21). Oral argument on Wizie's motions was held on September 7, 2017. Following the hearing, Webjet filed its motion to transfer.[1] For the reasons that follow, the Court denies Wizie's motions and grants Webjet's motion to transfer.

## I.    Factual Background

---

[1] Briefing on Webjet's motion is complete. Because oral argument will not aid the decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

1

In December 2012, Wizie entered into an Internet Booking Engine Services Agreement (the "Agreement") with Defendant Webjet Marketing North America LLC ("Webjet"). Pl's Br. in Supp. of Mot. to Transfer at 1 (Dkt. 7). In relevant part, the Agreement provides:

> 14.2. <u>Governing Law, Jurisdiction and Venue.</u> This Agreement will be governed by, construed, interpreted, and applied in accordance with the laws of the State of Michigan (excluding its body of controlling conflicts of laws). . . .
>
> 14.3. <u>Dispute Resolution.</u> Any dispute, claim or controversy arising out of or relating to the subject matter of this Agreement shall be settled through binding arbitration before a single arbitrator administered by the American Arbitration Association in accordance with its then current Commercial Arbitration Rules. The arbitrator shall have jurisdiction to award, and shall award, the prevailing party its reasonable attorneys' fees, costs and expenses. All arbitration proceedings shall be held in Michigan, U.S.A. Judgment on any arbitration award may be entered in any court having jurisdiction over the subject matter or the parties. Notwithstanding the foregoing, this provision shall not preclude either party from seeking temporary, provisional, or injunctive relief from any State or Federal court.

Internet Booking Engine Servs. Agreement, Ex. 1 to Pl's Mot. to Transfer, at 11-12 (cm/ecf page) (Dkt. 7-1). A dispute later arose regarding the terms of the Agreement, and in January 2017 the dispute was submitted to arbitration in Bloomfield Hills, Michigan. Pl's Br. in Supp. of Mot. to Transfer at 1. On April 21, 2017, the arbitrator awarded Webjet $379,552.02. Pl's Br. in Supp. of Mot. to Remand at 1 (Dkt. 8).

Webjet sought to confirm the award in the U.S. District Court for the Middle District of Florida on April 25, 2017.[2] On May 11, 2017, Wizie filed a separate action to vacate the award in the Oakland County Circuit Court. Compl. at 4 (Dkt. 4). Webjet timely removed the Oakland County action to this Court. <u>See</u> Notice of Removal (Dkt. 1).

Wizie now seeks to have this action returned to the Oakland County Circuit Court, whether by transfer or remand. Webjet seeks to have the case transferred to the Middle District of Florida.

---

[2] Wizie states in its motion to transfer that Webjet filed a petition to confirm the award in Florida on May 1, 2017. Pl's Mot. to Transfer at 2. While the summons was issued to Wizie on May 1, 2017, Webjet filed the petition on April 25, 2017. <u>See</u> <u>Webjet Mktg. N. Am., LLC, v. Wizie.com, LLC</u>, No. 8:17-cv-00969-MSS-TGW (M.D. Fla.).

2

## II. Motion to Transfer Based on Forum Non Conveniens

The Court will first address Wizie's motion for transfer on grounds of forum non conveniens.[3] Under a traditional forum non conveniens analysis, "a district court . . . must evaluate both the convenience of the parties and various public-interest considerations." Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas, 134 S. Ct. 568, 581 (2013). However, the presence of a forum-selection clause in the parties' contract changes this analysis, as "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." Id. (internal quotations omitted).

Wizie argues that the Agreement contains a contractual forum selection for the Oakland County Circuit Court as the exclusive authority to enter a judgment on the arbitrator's award. Pl's Br. in Supp. of Mot. to Transfer at 4 (Dkt. 7). Section 14.2 of the Agreement provides that Michigan law is to govern, and Wizie contends that this means that the Michigan Uniform Arbitration Act – which provides that an agreement to arbitrate in Michigan confers "exclusive jurisdiction" on the Michigan circuit courts to enter judgment on an award, Mich. Comp. L. Ann. §§ 691.1681(c), 691.1706(2) – controls. Pl's Br. in Supp. of Mot. to Transfer at 3-4. Essentially, "by agreeing that Michigan law governed the contract, the parties selected Michigan as the exclusive forum for entering judgment on the arbitration award." Resp't's Mot. to Dismiss, Webjet Mktg. N. Am., LLC v. Wizie.com LLC, No. 8:17-cv-00969-MSS-TGW, Ex. F to Pl's Mot. to Remand, at 6 (Dkt. 8-6).

---

[3] At different times in its briefing, Wizie argues that the Court should "remand this case to the Michigan state court on the ground of forum non conveniens," Pl's Br. in Supp. of Mot. to Transfer at 3, and also "dismiss it for forum non conveniens," id. at 4. This court does not have the authority to transfer a case to a Michigan state court, see, e.g., 14D Wright et al., Fed. Prac. & Proc. § 3828 (4th ed. 2017), and will therefore interpret Wizie's requested relief as dismissal.

Wizie's argument is unpersuasive. In interpreting a contract, the duty of the Court is to determine the intent of the contracting parties. Quality Prods. & Concepts Co. v. Nagel Precision, Inc., 666 N.W. 2d 251, 259 (Mich. 2003). The Court gives the words of a contract their plain and ordinary meanings, and "[i]f the language of the contract is unambiguous, we must enforce the contract as written." Bank of America, NA v. First American Title Ins. Co., 878 N.W.2d 816, 821 (Mich. 2016). Here, the Agreement provides that "[j]udgment on any arbitration award may be entered in any court having jurisdiction over the subject matter or the parties." Agreement, Ex. 1 to Pl's Mot. to Transfer, at 12 (cm/ecf page). The use of the phrase "any court" evidences an intent to allow enforcement in multiple jurisdictions. Adopting Wizie's position would require an intellectual contortion – that the parties provided for liberal selection of an enforcement forum, but envisioned the possibility that Michigan law would be amended to restrict the parties solely to a Michigan circuit court. Such a reading is not sensible.

To the extent Wizie may be arguing that the Michigan statute restricting the enforcement forum to a Michigan circuit court must be applied regardless of the parties' intent, that argument founders on preemption principles. Federal law generally respects the parties' decision on the rules governing their arbitration. See Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 53-54 (1995) ("[T]he central purpose of the Federal Arbitration Act [is] to ensure that private agreement to arbitrate are enforced according to their terms."). State law that contradicts that intent will be overridden on preemption grounds. See, e.g., Alphagraphics Franchising, Inc. v. Whaler Graphics, Inc., 840 F. Supp. 708, 710 (D. Ariz. 1993) (finding that the Michigan Franchise Investment Law was preempted by the Federal Arbitration Act ("FAA") because the state statute "imposes limitations on the method and manner by which the parties agreed to arbitrate their disputes" and "the FAA's primary purpose is to ensure that arbitration agreements are enforced

4

according to their terms"). Thus, to the extent the Michigan statute might be interpreted as requiring exclusive enforcement in Michigan circuit courts of arbitration awards rendered in Michigan, the statute cannot be enforced.

Having determined that the Oakland County Circuit Court is not the exclusive enforcement forum, the Court now evaluates Wizie's forum non conveniens motion. Wizie has not provided the Court with any analysis of how the Court should weigh the various factors relating to a forum non conveniens motion, opting instead to rely on their forum selection clause argument under Atlantic Marine. Pl's Reply Br. at 1 n. 1 (Dkt. 14). Webjet argues that Wizie has not "offer[ed] any substantive reasons why it would be more convenient to litigate the issues in a state court 18 miles away," Def's Br. in Opp. to Mot. to Transfer at 10 (Dkt. 11), and notes that the burden is on Wizie to prove that another forum is more appropriate, id. at 9 (citing Amphion, Inc. v. Buckeye Elec. Co., 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003)).

The factors that guide a district court's discretion in determining whether to grant a motion based on forum non conveniens relate to both the private interests of the parties and the public interest. Atlantic Marine, 134 S. Ct. at 581. Here, the factors relating to the parties' private interests – "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive" -- do not weigh in Wizie's favor. Id. at 581 n. 6 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n. 6 (1981)). As the distance between the Eastern District of Michigan and the Oakland County Circuit Court is minimal, the parties will have no more ease accessing sources of proof or witnesses here rather than in the county circuit court. Further, because the action here is for vacation of the award – which

5

presumably will present exclusively issues of law – it appears unlikely that any issue of convenience pertaining to discovery and fact finding will come into play.

Similarly, the public-interest factors – "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law" – are either neutral or weigh against Wizie. Id. (quoting Reyno, 454 U.S. at 241 n. 6). Neither party has addressed the court congestion in this court as compared to the Oakland County Circuit Court, and the Court therefore declines to weigh this factor. See Viron Intern. Corp. v. David Boland, Inc., 237 F. Supp. 2d 812, 819 (W.D. Mich. 2002) (declining to consider relative congestion of the courts in its transfer analysis where neither party advanced an argument before the court); see also Steelcase, Inc. v. Smart Techs., Inc., 336 F. Supp. 2d 714, 723 (W.D. Mich. 2004) (declining to consider public interest factors where the parties did not cite any public interest factors bearing on the court's transfer decision). Both this Court and the Oakland County Circuit Court are "home" for the "localized controvers[y]," as they are both located in southeast Michigan. Similarly, this Court is familiar with Michigan law such that it is "a forum that is at home with the law." All of the factors taken together do not demonstrate that this Court is an inconvenient forum when compared to the Oakland County Circuit court. Wizie bears the burden of showing that "fairness and practicality strongly favor" the alternative forum, see Amphion, 285 F. Supp. 2d at 946[4]; it has not made such a showing here.

Accordingly, Wizie's motion for transfer based on forum non conveniens is denied.

---

[4] Although the Amphion court evaluated a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), the Supreme Court has made clear that "Section 1404(a) is merely a codification of the doctrine of forum non conveniens for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." Atlantic Marine, 134 S. Ct. at 580.

**III.     Motion to Remand**

Wizie seeks remand to the Oakland County Circuit Court on the grounds that the amount–in-controversy requirement of 28 U.S.C. § 1332(a) has not been met.  Pl's Mot. to Remand at 2 (Dkt. 8).  Wizie claims that because it is seeking to vacate an arbitration award, the amount in controversy is zero dollars and therefore does not exceed the $75,000 minimum.  Id.

Webjet responds that the amount in controversy is the amount of the award.  See Ford v. Hamilton Invs., Inc., 29 F.3d 255, 260 (6th Cir. 1994) (finding no diversity jurisdiction where plaintiff sought "the vacation of an award that fell short of the jurisdictional amount by almost $20,000"); see also Am. Bankers Ins. Co. of Fla. v. Nat'l Cas. Co., No. 2:08-cv-13522, 2009 WL 257699 (E.D. Mich. Feb. 3, 2009) (following Ford and finding that where a party seeks to confirm an arbitration award, the amount in controversy is the amount of the award sought to be confirmed).  The amount of the award Wizie seeks to vacate is $379,552.02, well above the $75,000 minimum.  Def's Resp. in Opp. to Mot. to Remand at 1 (Dkt. 10).  As there is also diversity of citizenship between the parties, this Court has the authority to exercise jurisdiction over the dispute.  Id.

Wizie nonetheless argues that the cases cited by Webjet -- Ford, 29 F.3d 255, and American Bankers, 2009 WL 257699 --  were originally filed in federal court.  Pl's Reply Br. at 1 (Dkt. 13).  Wizie points to Hurt v. Dow Chemical Co., 963 F.2d 1142 (8th Cir. 1992); First Guaranty Bank & Trust Co. v. Reeves, 86 F. Supp. 2d 1147 (M.D. Fla. 2000); and Burns v. Windsor Ins. Co., 31 F.3d 1092 (11th Cir. 1994), to support its contention that diversity jurisdiction in removal cases is narrower than in cases that were originally filed in federal court.  Pl's Reply Br. at 2.

Law in the Sixth Circuit is clear that "[i]n an action to vacate an arbitration award, the amount in controversy is the amount of the arbitration award."  First Family Fin. Servs., Inc. v.

Mollett, No. 04-282-DLB, 2006 WL 695258, at *2 (E.D. Ky. Mar. 17, 2006).[5] That rule makes sense, because the party seeking vacation seeks to prevent entry of a judgment in the amount of the award. Here, that amount well exceeds the $75,000 statutory minimum. The cases cited by Wizie[6] do not convince this Court to depart from the general rule that "a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally." Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000) (citing 28 U.S.C. § 1441(a)).

Accordingly, Wizie's motion to remand is denied.

### IV. Motion to Transfer to the Middle District of Florida

Webjet argues that this case should be transferred to the Middle District of Florida, so that it may be consolidated with Webjet Marketing North America, LLC v. Wizie.com LLC, No. 8:17-cv-00969-MSS-TGW ("the Florida Action"), which is currently pending before the Honorable Mary S. Scriven in that district. Def's Mot. to Transfer (Dkt. 21). Webjet filed a petition seeking confirmation of the arbitration award in the Middle District of Florida on April 25, 2017 and served Wizie on May 5, 2017 – six days before Wizie filed the instant case with the Oakland County Circuit Court. Webjet argues that this case should be transferred to the Middle District of Florida

---

[5] Where a petitioner seeks to reopen the arbitration, "the amount in controversy includes the matter at stake in the arbitration." Mitchell v. Ainbinder, 214 Fed. App'x 565, 566 (6th Cir. 2007); cf. Ford, 29 F.3d at 260 (petitioner "never asked the district court to order that the arbitrators reopen his claim against Hamilton Investments; all he sought from the district court was the vacation of an award . . ."). Wizie has not asked the court to reopen arbitration. See Compl. at 4 (Dkt. 4).

[6] In Hurt, 963 F. 2d 1142, 28 U.S.C. § 1441(b) prohibited the defendants from removing a case in a jurisdiction where one defendant was a citizen. In Reeves, the court found jurisdiction lacking in a removal action because the statutory minimum was only met when the amount claimed in a counterclaim was considered. 86 F. Supp. 2d 1147. In Burns, 31 F.3d 1092, the court declined to exercise jurisdiction where the plaintiff sought an amount less than the statutory minimum, but admitted she may later amend her complaint to seek additional damages. None of these circumstances is present here.

pursuant to the first-filed rule, as both this case and the Florida Action involve identical parties and identical issues, and jurisdiction and venue are proper in the Middle District of Florida. Def's Mot. to Transfer at 2-3.[7]

In response, Wizie argues that the Federal Arbitration Act (the "FAA") requires that both cases be consolidated in the Eastern District of Michigan. Pl's Resp. at 1-2 (Dkt. 24). The FAA provides that "[i]f no court is specified in the agreement of the parties, then such application may be made to the United States court <u>in and for the district within which such award was made</u>." 9 U.S.C. § 9 (emphasis added). According to Wizie, venue is therefore proper only in the U.S. District Court for the Eastern District of Michigan. Pl's Resp. at 1-2. Wizie notes that it filed a motion before the Florida court, requesting that the Florida Action be transferred to this Court in light of Wizie's argument regarding the FAA. <u>Id.</u> Wizie requests that this Court refrain from addressing Webjet's motion to transfer until the Florida court has decided Wizie's motion. <u>Id.</u> at 2.

The Florida court denied Wizie's motion on October 6, 2017, because the Agreement "includes a contrary, optional forum specification." 10/6/2017 Order Denying Respondent's Motion for Court to Address Alternative Requested Relief in Motion to Dismiss for Forum Non Conveniens or to Transfer Venue Pursuant to Contractual Choice of Forum (Dkt. 27).[8] Thus, Wizie's request for a stay is moot.

---

[7] Webjet quotes from two orders entered in the Florida Action – 8/24/2017 Order Denying Wizie's Motion to Dismiss for Forum Non Conveniens or to Transfer Venue Pursuant to Contractual Choice of Forum (Dkt. 20); and 9/6/2017 Order Deferring Ruling on Webjet's Motion to Consolidate Cases and Denying as Moot Wizie's Motion to Set a Hearing (Dkt. 22).
[8] The Florida court also noted that the provision in the FAA "does not facially appear to be mandatory" but noted that the court "need not reach this issue." 10/6/2017 Order, n. 1.

To the extent that Wizie seeks a ruling from this Court on its argument rather than simply a stay, the Court agrees with the Florida court's determination that the FAA does not require this case to be heard only in the Eastern District of Michigan. Notably, the FAA provision cited by Wizie only makes the Eastern District an appropriate venue – not the exclusive one – even if the parties' agreement were interpreted as not specifying a court for enforcement of the award.

Regarding the transfer analysis, the Court agrees with Webjet. "The 'first-filed' or 'first-to-file' rule is 'a well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment.'" Nartron Corp. v. Quantum Research Grp., Ltd., 473 F. Supp. 2d 790, 795 (E.D. Mich. 2007) (quoting Zide Sport Shop of Ohio, Inc. v. Ed Tovergte Assocs., Inc., 16 F. App'x 433, 437 (6th Cir. 2001)). In considering the application of the rule, the district court looks at the chronology of the actions; the similarity of the parties involved; and the similarity of the issues at stake. Id. "A court that has determined the first-to-file rule applies to a second-filed case has discretion to transfer, stay, or dismiss the second case." Drew Techs., Inc. v. Robert Bosch, LLC, No. 11-15068, 2012 WL 314049, at *3 (E.D. Mich. Jan. 31, 2012).

There is no question that the Florida Action was filed first. The parties in both actions are identical. Finally, both cases concern the validity of the award resulting from arbitration between the parties. As the Florida court has already indicated a willingness to accept transfer of this action, see 9/6/2017 Order at 4, the Court believes that transfer is appropriate. Webjet's motion to transfer this action to the Middle District of Florida is therefore granted.

### V.     Conclusion

For the foregoing reasons, Wizie's motion to transfer for forum non conveniens (Dkt. 7) and motion to remand (Dkt. 8) are denied; Webjet's motion to transfer (Dkt. 21) is granted. The Court directs the Clerk to transfer this action to the Middle District of Florida.

SO ORDERED.

Dated: October 20, 2017  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
  United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 20, 2017.

 s/Karri Sandusky
 Case Manager